## JUAN CABELLERO v. THE STATE.

No. 2677.   Decided May 4, 1904.

**1.—Indictment—Idem Sonans.**

An indictment charging in one place that the offense occurred in "Guada-lupu" County instead of Guadalupe County is good on motion to quash and the names are held to be idem sonans.

**2.—Same—Venue.**

An indictment having alleged in a previous portion that the county was Guadalupe, sufficiently alleged venue by alleging that the defendant did "fraudulently break and enter a house then and there owned and occupied by one W."

**3.—Verdict.**

See form of verdict in opinion held intelligible and to manifest the intent of the jury.

Appeal from the District Court of Guadalupe.   Tried below before Hon. M. Kennon.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Reys v. State, 8 Texas Ct. Rep., 339.

BROOKS, JUDGE.—This is a conviction for burglary, and appellant's punishment was assessed at two years confinement in the penitentiary. We find neither statement of facts nor bill of exceptions in the record.

Appellant moved to quash the indictment on account of the misspelling of "Guadalupe County." In one place the county is spelled "Guadalupu," using the final letter "u" instead of "e." We think this objection is hypercritical. Furthermore the names as spelled are idem sonans. Reys v. State, 8 Texas Ct. Rep., 339.

Appellant further insists that the indictment fails to allege venue. The indictment alleges that appellant did "fraudulently break and enter a house then and there owned and occupied by one Theo. Wagner," etc. We think this is a sufficient allegation of venue, having stated that the county was Guadalupe in the previous portion of the indictment.

Appellant further insists that the verdict of the jury is not intelligible. The verdict is as follows: "We the jury find the defendant guilty as charged in the indictment assess his punishment in the penitentiary for two years." While the original verdict is badly written, it is intelligible, and the intent of the jury is manifest.

The judgment is affirmed.

*Affirmed.*